[Nos. 26938-1-I; 26981-0-I; Division One. March 9, 1992.]
26980-1-I.

CONCERNED LAND OWNERS OF UNION HILL, ET AL,
*Respondents*, v. KING COUNTY, ET AL,
*Appellants*.

*Norm Maleng, Prosecuting Attorney,* and *Charles Maduell, Senior Deputy,* for appellants King County, et al.

*Alan L. Froelich,* for appellants Steiger.

*Lance C. Dahl,* for appellants James.

*John R. Allison, Karen J. Summerville,* and *Betts, Patterson & Mines P.S.,* for respondents.

BAKER, J. — This appeal arises from the King County Building and Land Department's (BALD) approval of two short plat applications on adjoining parcels of land. The Concerned Land Owners of Union Hill, et al. (respondent) appealed BALD's preliminary approval of the short plat applications to the zoning and subdivision (hearing) examiner, who dismissed the appeal on grounds that it was not timely. The trial court reversed and vacated BALD's approval of the two short plat applications. We reverse the trial court and affirm the hearing examiner's decision.

## FACTUAL BACKGROUND

BALD granted preliminary approval of two short plat applications on adjoining parcels of land. One application was submitted by Donna Steiger, an unmarried woman, for approval to short plat her parcel of land into four 1-acre lots. The other application was submitted by Nathan Steiger, an unmarried man, for approval to short plat his parcel of land into four 1-acre lots.

The two applicants had previously been married. When the short plat applications were submitted to BALD,

neither applicant had any ownership interest in the property of the other. The applicants hired Hugh James to act as their agent in the subdivision approval process. As agent for the Steigers, James submitted both short plat applications to BALD on the same day.

BALD conducted a site development review and essentially completed one report for the two parcels. During the investigation of the two sites, BALD's field investigator spoke with a neighboring property owner. According to the neighbor, BALD's investigator stated that she was surveying the sites in connection with a proposed development and that BALD would provide notice of the pending action. BALD's subdivision technical committee subsequently reviewed the two short plat applications and determined that it was unnecessary to provide notice to surrounding property owners. BALD granted preliminary approval of the two short plat applications.

Respondent appealed to the hearing examiner in late December 1989, approximately 6 months after BALD granted preliminary approval of the two short plats. The hearing examiner dismissed respondent's appeal, concluding that BALD was not required to give notice and that respondent's appeal of BALD's decision was not timely.[1]

The trial court entered findings of fact and conclusions of law. Based on its findings, the trial court concluded that the development constituted a subdivision and that BALD improperly processed the applications under the King County Code provisions governing short plats. Accordingly, the trial court reversed the hearing examiner's decision dismissing the appeal. The court also reversed and vacated BALD's approval of the Steigers' short plat applications.

## STANDARD OF REVIEW

■■ Respondent sought review of the administrative actions of BALD and the hearing examiner by a writ of cer-

---

[1]King County Code 20.24.090 provides in part:

"All notices of appeal regarding any decision being appealed to the zoning and subdivision examiner pursuant to this chapter shall be filed with the county department or division issuing the original decision within ten calendar days from the date of issuance of such decisions[.]"

tiorari.[2] Under a writ of certiorari, appellate court review is based on the record of the administrative tribunal. *Bay Indus., Inc. v. Jefferson Cy.*, 33 Wn. App. 239, 241, 653 P.2d 1355 (1982). Review is limited to a determination of whether the administrative action was arbitrary and capricious or contrary to law.

■ Arbitrary and capricious action is "willful and unreasoning action in disregard of facts and circumstances." *Washington Waste Sys., Inc. v. Clark Cy.*, 115 Wn.2d 74, 81, 794 P.2d 508 (1990). "[I]f there is room for two opinions, discretion exercised upon due consideration will not be overturned." *Wenatchee v. Boundary Review Bd.*, 39 Wn. App. 249, 256, 693 P.2d 135 (1984). An error in judgment or an unwise decision does not constitute arbitrary and capricious action. *See, e.g., Washington Waste Sys.*, 115 Wn.2d at 81; *State v. Ford*, 110 Wn.2d 827, 832, 755 P.2d 806 (1988).

■ Because review pursuant to a writ of certiorari is based on the administrative record, the trial court need not enter findings of fact or conclusions of law. *Grader v. Lynnwood*, 45 Wn. App. 876, 879, 728 P.2d 1057 (1986). If the trial court nonetheless enters findings and conclusions, they

---

[2]Judicial review pursuant to a writ of certiorari is governed by RCW 7.16.120, which provides:

The questions involving the merits to be determined by the court upon the hearing are:

(1) Whether the body or officer had jurisdiction of the subject matter of the determination under review.

(2) Whether the authority, conferred upon the body or officer in relation to that subject matter, has been pursued in the mode required by law, in order to authorize it or to make the determination.

(3) Whether, in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator.

(4) Whether there was any competent proof of all the facts necessary to be proved, in order to authorize the making of the determination.

(5) Whether the factual determinations were supported by substantial evidence.

The first three subsections of this statute govern jurisdiction and the legality of the lower tribunal's decision. The last two subsections govern the court's review of factual matters and encompass, essentially, the arbitrary and capricious standard used in nonwrit cases. *Murphy v. Seattle*, 32 Wn. App. 386, 390, 647 P.2d 540 (1982).

are treated as mere surplusage by the appellate court. *Grader*, 45 Wn. App. at 879.

SHORT PLAT APPROVAL

The King County Code formerly defined a subdivision as follows:

> "Subdivision" is the division of land into five or more lots, tracts, parcels, sites or divisions for the purpose of sale, lease or transfer and includes all resubdivision of land.

KCC 19.04.320.[3] The code formerly defined a short subdivision as follows:

> "Short subdivision" is the division of land into four or less lots, tracts, parcels, sites or divisions for the purpose of sale, lease or transfer, excluding those undivided joint-ownership tracts created for ingress, egress, utility access, open space preservation, or other approved public purpose, and excluding "revisions" as defined in Section 19.04.270.

KCC 19.04.290.

Appellant argues that the trial court erred in concluding that the Steigers' short plat applications constituted a subdivision because each application proposed the division of land into four lots and therefore fits within the definition of a short plat under KCC 19.04.290. Appellant further asserts that BALD's treatment of the two applications as short plats is consistent with former KCC 19.26.020,[4] prescribing in part which lots may be short platted:

> Any lot created by sale, lease, transfer or other conveyance before June 1, 1974, or any otherwise legal building lot, may be short subdivided; provided, that:
> A. If only one such lot is owned, the short subdivision shall include the entire lot.
> B. If more than one such lot is held in a contiguous ownership, and if any lot to be created is smaller than five acres, any number of short subdivisions may be permitted; provided,

---

[3]KCC 19.04.320 and 19.04.290 were amended in September 1990. All citations to KCC 19.04.320 and 19.04.290 in this opinion refer to the former code sections.

[4]KCC 19.26.020 was amended in September 1990. All citations to KCC 19.26-.020 in this opinion refer to the former code section.

that no more than eight lots are created within the contiguous ownership.

KCC 19.26.020.

Respondent contends the Steigers' short plat applications together propose the division of land into five or more lots and therefore constitute a single subdivision. Respondent advances two arguments to support this contention: first, that the statutory definitions of subdivision and short subdivision apply to divisions of land generally, not to divisions of individual tracts or parcels of land. According to this argument, the Steigers' applications together propose the division of land into five or more lots and therefore fit within the statutory definition of a subdivision.

Second, respondent argues the Steigers' subdivision applications should be construed as constituting a single subdivision rather than two short plats to prevent property owners such as the Steigers from circumventing subdivision ordinances. Respondent further contends that BALD treated the two applications as a single development when it reviewed and processed the applications simultaneously and that this somehow undermines the hearing examiner's determination that the applications were properly treated as short plats.

■ Respondent also relies on *Gerard v. San Juan Cy.*, 43 Wn. App. 54, 60, 715 P.2d 149 (1986) to support its contention that the Steigers' applications should be treated as a single development scheme, not as separate transactions. *Gerard* involved a married couple who attempted to subdivide their land through a series of conveyances from the marital community to husband or wife separately and to a third individual. The court found that the couple had specifically structured the conveyances to take advantage of exemptions under the short plat and subdivision ordinances. *Gerard*, 43 Wn. App. at 55. This case is distinguishable from *Gerard* because the Steigers already individually owned the parcels they sought to short plat and there was no finding or implication that they specifically structured their property ownership after the divorce to take advantage of the short plat ordinance.

Respondent's argument that the statutory definitions of subdivision and short subdivision apply to divisions of land and not to divisions of parcels of land ignores KCC 19.26.020, which states that any lot may be short subdivided. Moreover, this argument is inconsistent with subdivision (B) of that section of the code, which provides that the owner of contiguous parcels of land may create any number of short plats provided that no more than eight lots are created. If the owner of two contiguous parcels may subdivide each parcel into four lots under KCC 19.26-.020(B), then it does not make sense to interpret the code as requiring the Steigers, as individual property owners, to submit a single subdivision application.

Contrary to the argument advanced by the respondent, the hearing examiner determined that the definition of subdivision has "always been interpreted in King County as [applying to] a division of a single tract or parcel [of land], and I think that's consistent with the immediately preceding section [defining subdivider] and I don't have any doubt as to that being intended." Accordingly, the examiner concluded that BALD properly treated the applications as short plats.

We find that the hearing examiner's conclusion was not arbitrary and capricious or contrary to law. Further, we find nothing wrong with the fact that the Steigers coordinated their development efforts and that BALD simultaneously reviewed both applications. Such joint planning and administration is in the public interest and should be encouraged, not penalized. Accordingly, we hold that the trial court erred in determining that the two short plat applications constituted a single subdivision.

## NOTICE

The King County Code formerly provided for notice of short plat applications in part as follows:

**Notice of application.** Upon receipt of short subdivision applications authorized by Section 19.26.020 B or C which will result in the creation of five or more lots on adjacent properties under common ownership, the division shall cause notice of

such applications to be given within twenty days of the filing of such applications as provided in this section. In addition, where the division receives a short subdivision application which is adjacent to property for which a short subdivision application has been submitted within the preceding twenty-four months and the proposed and previously submitted short subdivisions in combination would create five or more lots on such adjacent properties, the division may in its discretion cause notice of such application to be given as provided in this section. If notice is given pursuant to this section, the recommended review period contained in Section 19.26.110 B. shall commence ten days after notice of the application has been mailed.

KCC 19.26.070.[5]

BALD argues it was not required to provide notice under KCC 19.26.070 because the parcels were not under common ownership at the time the short plat applications were filed. The hearing examiner similarly concluded that neither applicant had an ownership interest in the property of the other and therefore BALD was not required to give public notice.

Respondent contends that formal notice of the applications was required under KCC 19.26.070 because the Steigers had previously been married and the property had been under common ownership. Respondent does not, however, assert that the parcels were under common ownership at the time the short plat applications were submitted to BALD nor would the record support such a contention. The hearing examiner's determination that BALD was not required to give notice under KCC 19.26.070 is consistent with the code and not arbitrary and capricious or contrary to law.

Respondent next contends that BALD's failure to give notice constituted an abuse of its discretion under KCC 19.26.070 because the two applications were submitted by the same person on the same day for adjacent parcels of land.

---

[5]KCC 19.26.070 was amended in September 1990. All citations to KCC 19.26-.070 in this opinion refer to the former code section.

Respondent's argument is unsupported by the record. Respondent apparently relies on a statement made by the hearing examiner that "it would have been better if there had been notice provided". Beyond this, respondent does not set forth any specific facts demonstrating the basis on which this court could conclude that BALD exercised its discretion in a manner that was manifestly unreasonable. Absent such evidence, respondent cannot support its contention that BALD abused its discretion in determining that notice would not be given.

## ESTOPPEL

Respondent argues that even if BALD is not required to provide notice under the code, BALD is estopped from asserting that notice was not required because a representative of BALD told a neighboring property owner that she would receive notice of public hearings and would have an opportunity to comment. The elements of equitable estoppel are:

> (1) an admission, statement, or act, inconsistent with the claim afterwards asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party arising from permitting the first party to contradict or repudiate such admission, statement, or act.

*Litz v. Pierce Cy.*, 44 Wn. App. 674, 683, 723 P.2d 475 (1986) (quoting *Shafer v. State*, 83 Wn.2d 618, 623, 521 P.2d 736 (1974)).

Equitable estoppel may be applied to state or local governments but is not favored; the doctrine will be applied against the government only when it is necessary to "prevent a manifest injustice, and the exercise of governmental powers will not thereby be impaired.' " *Litz*, 44 Wn. App. at 682 (quoting *Shafer v. State*, 83 Wn.2d at 622). The requisite elements must be proven with clear, cogent, and convincing evidence. *Chemical Bank v. WPPSS*, 102 Wn.2d 874, 905, 691 P.2d 524 (1984), *cert. denied*, 471 U.S. 1065, 1075 (1985); *Litz*, 44 Wn. App. at 682.

■ ■ In addition to satisfying the elements of equitable estoppel, the party asserting the doctrine must show that the reliance was reasonable. *Marashi v. Lannen*, 55 Wn. App. 820, 824, 780 P.2d 1341 (1989). "Reliance is justified only when the party claiming estoppel did not know the true facts and had no means to discover them." *Marashi*, 55 Wn. App. at 824-25. The doctrine of equitable estoppel also is inapplicable where the representations relied upon are questions of law rather than questions of fact. *Chemical Bank*, 102 Wn.2d at 905.

Respondent has failed to demonstrate by clear, cogent and convincing evidence that any reliance on the part of the neighboring landowner was reasonable. The neighbor could have discovered the true facts by further inquiring at BALD. In addition, the representation allegedly relied upon concerned the right to notice of a hearing on a short plat application and is a question of law. Therefore, assuming that the BALD representative was authorized to make the statements relied upon, respondent has failed to demonstrate that the doctrine is applicable to the representation made here or that any reliance was reasonable.

### STATE ENVIRONMENTAL POLICY ACT OF 1971

Respondent asserts that even if BALD properly processed the Steigers' applications as short plats, an environmental review under the State Environmental Policy Act of 1971 (SEPA) was required because the Steigers' parcels are located within the Bear-Evans Creek Drainage Basin, an area designated as a critical drainage basin. Respondent argues that the short plats are not categorically exempt from review under SEPA because the two parcels are located within an environmentally sensitive area. We disagree.

■ According to BALD's site development review checklist, the agency's investigation of the Steigers' parcels revealed no environmentally sensitive features on the sites. Thus, although the sites are located within an area designated as a critical drainage basin, the sites are not located within an environmentally sensitive area as identified by King County. This conclusion is supported by the 1990 revi-

sion to KCC 21.54.010, which defines an environmentally sensitive area as follows:

> Coal mine, erosion, flood, landslide, seismic, steep slope and volcanic hazard areas, and streams, wetlands and protective buffers, all as defined in KCC Title 21, constitute environmentally sensitive areas that are of special concern to King County.

KCC 21.54.010. Therefore, because the proposed short plats are not located within any environmentally sensitive areas, they are categorically exempt from review under SEPA.

### APPROVAL OF THE ACCESS ROAD

The trial court concluded that the Steigers' subdivision applications constituted a subdivision rather than two short plats and therefore found that BALD's approval of the access road pursuant to county road standards for short plats was contrary to law. King County argues that this issue is not properly before the court because the hearing examiner did not reach the issue and, accordingly, did not enter findings or conclusions regarding BALD's preliminary approval of the access road.

Under a writ of certiorari, appellate court review is based on the record of the administrative tribunal. *Bay Indus., Inc. v. Jefferson Cy.*, 33 Wn. App. at 241. "Proper judicial review is possible only where the court can consider the full and complete record of the administrative tribunal." *Murphy v. Seattle*, 32 Wn. App. 386, 390, 647 P.2d 540 (1982). An appellate court exceeds the proper scope of its review when it makes factual determinations from the testimony and evidence. *Andrew v. King Cy.*, 21 Wn. App. 566, 574-75, 586 P.2d 509 (1978), *review denied*, 91 Wn.2d 1023 (1979).

In the proceedings before the hearing examiner, no testimony was given concerning BALD's approval of the access road. The examiner concluded that when the short plat applications were reviewed by King County, the parcels were not under common ownership and notice was not required. The examiner entered no findings or conclusions concerning BALD's preliminary approval of the access road;

therefore, we hold that this issue is not properly before the court.

We reverse the trial court and affirm the decision of the hearing examiner.

WEBSTER, A.C.J., and COLEMAN, J., concur.

Review denied at 119 Wn.2d 1008 (1992).