[No. 30482-8-I. Division One. December 13, 1993.]

GALE COX, ET AL, *Respondents*, v. THE CITY
OF LYNNWOOD, *Appellant*.

2

*John P. Watts* and *Riach, Gese, Seather & Watts,* for appellant.

*Richard B. Sanders* and *Sanders Law Office,* for respondents.

WEBSTER, C.J. — The City of Lynnwood appeals a judgment for damages and attorneys' fees. It claims the court erred in finding that it acted arbitrarily and capriciously in denying Gale and Waltrout Cox a boundary line adjustment.

## FACTS

The Coxes sought the City's approval of a subdivision of four lots into an 8-lot plat. However, when they discovered

that Lynnwood code requirements for the 8-lot long plat required the dedication of land for a road and a boundary line adjustment (BLA) did not, they abandoned their plat application and instead applied for a BLA of three lots. Lynnwood denied the Coxes' application stating:

> Boundary line adjustments are intended to apply to minor adjustments and not to significant changes such as you propose. . . .
>
> Additionally, according to Section 19.05.015 a division of land into more than four lots is a plat. If this application was approved, it is possible that more than four lots could be created without complying with the City's platting procedures and standards.

The Coxes' complaint stated four causes of action, one requesting the court issue a writ of mandamus to compel Lynnwood to approve the BLA under RCW 7.16.150 et seq. and another requesting damages under RCW 64.40.020 and 42 U.S.C. § 1983. The court granted the writ of mandamus. The City neither appealed nor sought a stay of the writ of mandamus and issued the BLA.[1] The court then heard the damages portion of the suit. Michael Partridge, the Lynnwood planning director, testified that he knew the Coxes' BLA application complied with the City's requirements that: (1) no lot would be reduced in size below the minimum square footage requirements of the applicable zone; and (2) the BLA would not create a new lot. Lynnwood Municipal Code (LMC) § 19.05.015. Partridge raised no technical objections regarding the size of the lots or the nature of the access. Rather, he testified that the reason for the disapproval was that he felt the BLA was limited to minor adjustments and this was not a minor adjustment. Mr. Cox testified that at the time of the City's disapproval, Partridge had told him that they were just trying to get around the subdivision requirements and for that reason his department would disapprove the BLA request.

---

[1]The Coxes subsequently applied for and Lynnwood approved a short plat of the largest lot into four smaller lots.

· After weighing the evidence the court concluded that the Coxes' BLA application complied with all municipal requirements, such lot boundary adjustment applications were expressly exempt from other subdivision requirements, and

> [t]he denial of the Cox lot boundary adjustment . . . was arbitrary, capricious and irrational and violated RCW 64.40 and 42 USC 1983. It was motivated by a desire to prevent the land owners possible future subdivision of the property through a possible future application to short plat the property rather than any lawful reason . . ..

The 2½-month delay in approval of the BLA delayed the Coxes' development project by a year because they were forced beyond the summer construction season. This resulted in increased construction costs, additional interest payments, professional fees, and lost profits in a declining market. In awarding $28,548.72 in damages and attorneys' fees the court discounted the recovery finding that the Coxes' own actions had caused part of the delay in the short plat completion. The award did not include the increased cost of construction, attorneys' fees in submitting the BLA application, engineering fees, or $2,764 in interest on the Coxes' development loan during the delay.

## DISCUSSION

Lynnwood first claims the court erred in finding that it arbitrarily and capriciously denied the BLA. It argues it acted in good faith in interpreting its municipal ordinance, the court did not find it acted with knowledge that denial of the BLA was unlawful, or that it should have known the decision was unlawful.[2]

First, the City's planning director, Partridge, knew the Coxes' application complied with the BLA ordinance, and Lynnwood has not assigned error to the court's finding that it:

---

[2]Lynnwood also claims the court erred in finding the Coxes were entitled to a boundary line adjustment. We disagree. The prior mandamus order decided the issue; Lynnwood did not appeal.

6

knew or reasonably should have known that its denial of the lot boundary adjustment application of plaintiff Cox was unlawful or in excess of lawful authority at the time of the denial.

Finding of fact 14. RCW 64.40.020(1) provides:

> Owners of a property interest who have filed an application for a permit have an action for damages to obtain relief from acts of an agency which are arbitrary, capricious, unlawful, or exceed lawful authority . . . PROVIDED, That the action is unlawful or in excess of lawful authority only if the final decision of the agency was made with knowledge of its unlawfulness or that it was in excess of lawful authority, or it should reasonably have been known to have been unlawful or in excess of lawful authority.

"The fact that the disjunctive 'or' is used in the first part of the statute shows that acting *either* arbitrarily and capriciously *or* unlawfully or in excess of lawful authority will create a cause of action." *Lutheran Day Care v. Snohomish Cy.*, 119 Wn.2d 91, 112, 829 P.2d 746 (1992), *cert. denied,* ___ U.S. ___, 112 L. Ed. 2d 353, 113 S. Ct. 1044 (1993). Thus, since Lynnwood knew or should have known its conduct was unlawful, it is subject to liability under RCW 64.40.020.

■ ■ Second, a government agency's action is arbitrary and capricious if it is:

> "willful and unreasoning action in disregard of facts and circumstances." *Washington Waste Sys., Inc. v. Clark Cy.*, 115 Wn.2d 74, 81, 794 P.2d 508 (1990). [However,] "[i]f there is room for two opinions, discretion exercised upon due consideration will not be overturned." *Wenatchee v. Boundary Review Bd.*, 39 Wn. App. 249, 256, 693 P.2d 135 (1984).

*Concerned Land Owners v. King Cy.*, 64 Wn. App. 768, 772, 827 P.2d 1017, *review denied,* 119 Wn.2d 1008 (1992). Here, Lynnwood admits it denied the boundary adjustment because the Coxes would be able to achieve a total of six lots through the boundary line adjustment and a future short plat process rather than go through the long plat process. The Lynnwood Municipal Code specifically exempts lot boundary adjustments from the code's land use provisions:

> B. The regulations in this ordinance shall not apply to:
> . . . .
> 6. A division made for the purpose of adjusting boundary lines where no lot is created thereby, and where no lot is reduced

in size below the minimum square footage requirements required by the applicable zoning control and/or building code; provided that such adjustments are first approved by the Director of Planning who shall initial the revised plat map and shall cause same to be recorded with the Snohomish County Auditor's office at the applicant's expense. Any change in the number of lots shall be accomplished as a plat or short plat;

Ordinance 1314; former LMC 19.05.015(B)(6). Thus, Lynnwood's decision which considered the long plat provisions of its code, in contravention of that code's specific exemption of BLA's, was arbitrary, capricious, and unlawful.

In addition, there is no merit in Lynnwood's argument that it may look beyond whether the individual application complies with its ordinance and deny the boundary adjustment if it feels the application does not comport with the purposes and substance of the lot boundary line ordinance. *R/L Assocs., Inc. v. Klockars*, 52 Wn. App. 726, 733, 763 P.2d 1244 (1988), *review denied,* 112 Wn.2d 1021 (1989). The *R/L* dicta cited by Lynnwood is merely a general statement regarding the purpose of a lot boundary adjustment as derived from the words of the Seattle ordinance. It is hardly a statement justifying denial of a lot boundary adjustment which meets all of the requirements of the City's ordinance. Under the Seattle ordinance approval was mandatory when the criteria were met, and for that reason the court held that boundary adjustment provisions are to be strictly construed to effectuate their purposes. *R/L Associates,* at 733. "It must be remembered that zoning ordinances are in derogation of the common-law right of an owner to use private property so as to realize its highest utility. Such ordinance must be strictly construed in favor of property owners and should not be extended by implication to cases not clearly within their scope and purpose." *Morin v. Johnson*, 49 Wn.2d 275, 279, 300 P.2d 569 (1956).

We agree with the trial court that in denying the lot BLA Lynnwood

was motivated by a desire to prevent the land owners possible future subdivision of the property through a possible future application to short plat the property rather than any lawful reason to deny the lot boundary adjustment as such. The pros-

8

pect that the land owner might sometime in the future apply for short subdivision is no reason to deny a lot boundary adjustment under the Lynnwood Municipal Code which provides no connection nor nexus between a lot boundary adjustment and any subsequent attempt to short plat property previously subject to a lot boundary adjustment. To deny the lot boundary adjustment for this reason was an irrational act which bore neither connection nor nexus to the lot boundary adjustment ordinance.

Lynnwood next claims that the availability of a state remedy under RCW 64.40 bars any remedy under 42 U.S.C. § 1983. We disagree.

██ ██ Under 42 U.S.C. § 1983, a plaintiff may recover money damages if it has been deprived of some federal right and the person depriving the plaintiff of that right was acting under color of state law. *Sintra, Inc. v. Seattle,* 119 Wn.2d 1, 11, 829 P.2d 765 (citing *Parratt v. Taylor,* 451 U.S. 527, 535, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981)), *cert. denied,* ___ U.S. ___, 121 L. Ed. 2d 598, 113 S. Ct. 676 (1992). State courts have concurrent jurisdiction to decide section 1983 claims. *Sintra, Inc.,* at 11. A local government is a person for purposes of section 1983. *Sintra, Inc.,* at 11 (citing *Monell v. Department of Social Servs.,* 436 U.S. 658, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)). "Under federal law, if a landowner fails to seek compensation through *state* judicial procedures, a takings claim is said to be not yet ripe." *Sintra, Inc.,* at 19-20. The same is not true for a substantive due process claim under section 1983. "Property owners may also raise due process claims without first seeking just compensation through state court remedies." *Robinson v. Seattle,* 119 Wn.2d 34, 62, 830 P.2d 318 (citing *Sinaloa Lk. Owners Ass'n v. Simi Vly.,* 882 F.2d 1398, 1404-05 (9th Cir. 1989) (amended opinion), *cert. denied sub nom. Doody v. Sinaloa Lk. Owners Ass'n,* 494 U.S. 1016 (1990)), *cert. denied,* ___ U.S. ___, 121 L. Ed. 2d 598, 113 S. Ct. 676 (1992). "[S]ubstantive due process is violated at the moment harm occurs; thus, the existence of postdeprivation state remedies does not bar a section 1983 action." *Robinson,* at 62 (citing *Bateson v. Geisse,* 857 F.2d 1300, 1303 (9th Cir.

1988)). In *Bateson* a city council's refusal to issue a building permit to the plaintiff after he had satisfied all permit requirements was held to be an arbitrary and capricious act which denied the plaintiff substantive due process. *Robinson*, at 62. Under section 1983, substantive due process is denied if the local jurisdiction makes a land use decision irrationally, arbitrarily, and capriciously, its decision utterly fails to serve a legitimate governmental purpose, or was tainted by improper motive. *Robinson*, at 61-62.

Here, the Coxes' section 1983 claim was a substantive due process claim. They alleged that Lynnwood acted arbitrarily and capriciously in denying their request for BLA, that the denial failed to serve a legitimate purpose under the Lynnwood City Ordinance, and the decision was tainted by improper motive. The Coxes properly stated a cause of action under 42 U.S.C. § 1983.

Lynnwood claims that even if its action was arbitrary and capricious, the Coxes were not entitled to lost profits or losses based on diminution in property values. Here, the court awarded damages under both RCW 64.40.020 and 42 U.S.C. § 1983. Under RCW 64.40.010(4)

> "[d]amages" means reasonable expenses and losses, other than speculative losses or profits, incurred between the time a cause of action arises and the time a holder of an interest in real property is granted relief as provided in RCW 64.40.020. Damages must be caused by an act, necessarily incurred, and actually suffered, realized, or expended, but are not based upon diminution in value of or damage to real property, or litigation expenses.

 Damages, under the statute, are defined broadly to include "reasonable expenses and losses", excluding speculative losses or (speculative lost) profits, not nonspeculative losses. In Washington lost profits are generally permissible elements of damage. *See Reefer Queen Co. v. Marine Constr. & Design Co.*, 73 Wn.2d 774, 440 P.2d 448 (1968). If the evidence affords a reasonable basis for estimating the loss, courts will not permit a wrongdoer to benefit from the difficulty of determining the exact amount of the loss. *Lundgren*

*v. Whitney's Inc.*, 94 Wn.2d 91, 98, 614 P.2d 1272 (1980). Thus, the statute excludes mere fluctuations in property value, but, when the property in question has been sold and its fair market value at the time the cause of action arose has been determined, the loss is not so speculative as to be excluded.

■ Lynnwood also claims that even if diminution in value and lost profits were properly recoverable, the court's finding of damages is not supported by substantial evidence and fails to take into account the Coxes' conduct which contributed to the delay. Appellate courts will not overturn a trial court's finding of fact if it is supported by substantial evidence in the record. *Colonial Imports, Inc. v. Carlton N.W., Inc.*, 121 Wn.2d 726, 730 n.1, 853 P.2d 913 (1983).

Here, there is considerable evidence in the record on the value of the properties. Mr. Cox, the Coxes' expert, and Lynnwood's expert all testified as to the value of the properties prior to the boundary line adjustment. The Coxes sold their lots, and the sales price compared to the value of the lots when the BLA was denied established the Coxes' loss within a reasonable degree of certainty. In addition, the court explicitly stated in its findings that it had reduced the award because the Coxes' actions had contributed to delay of the short plat completion. We find no error.

## Administrative Remedies

■ The Lynnwood Municipal Code limits its hearing examiners' powers to review land use decisions to review of preliminary plat approvals in accordance with LMC chapters 19.05 through 19.90. Former LMC 2.22.090(C)(4). The decision here was exempt from the plat approval process. LMC 19.05.015. Thus, Lynnwood's decision was not a plat approval, the hearing examiner had no power to review the decision, and the doctrine of exhaustion of administrative remedies was inapplicable. In addition, exhaustion of administrative remedies also is not required to maintain a substantive due process claim under section 1983. *Sintra, Inc. v. Seattle, supra* at 21.

## Nonclaim Statute

Lynnwood asserts that plaintiffs filed their lawsuit without filing a claim with the City as required by RCW 35A.31.030 and that failure to file the claim bars this action. RCW 35A.31.030 applies to tort actions against a code city. RCW 35A.31.010. Discretionary governmental acts are immune from tort liability whereas ministerial acts are not. *Taggart v. State*, 118 Wn.2d 195, 214, 822 P.2d 243 (1992). However, under RCW 64.40.020 a municipality can be held liable for quasi-judicial acts of its officers according to the " 'arbitrary, capricious or unlawful' standard" and for ministerial acts according to the intent standard. *Lutheran,* 119 Wn.2d at 104.

Here, in denying the BLA Lynnwood decided that it would look beyond the BLA provisions of its code and grant or deny the Coxes' application based on the purposes of its short and long plat provisions. BLA's are exempt from the platting provisions of its code. Lynnwood was making a basic policy decision affecting the requirements for a BLA and, as such, that decision was not a ministerial act.[3] *Taggart,* at 214. Since policy decisions are quasi judicial and not ministerial Lynnwood was immune from a common law tort action and RCW 35A.31.030 did not apply. In addition, state nonclaim statutes do not bar action under 42 U.S.C. § 1983. *See Felder v. Casey,* 487 U.S. 131, 138, 101 L. Ed. 2d 123, 108 S. Ct. 2302 (1988).

## Writ of Mandamus

The writ of mandamus action was timely filed. The Coxes filed this action less than 30 days after denial of the BLA satisfying RCW 64.40.030 and well within the 3-year period in which an action under 42 U.S.C. § 1983 may be commenced. *Robinson,* at 86.

## Attorneys' Fees on Appeal

The Coxes have requested attorneys' fees on appeal based on RCW 64.40.020 and 42 U.S.C. § 1988, both of

---

[3]We do not address whether the denial of a BLA is a ministerial act for which there may be no tort immunity. *Lutheran,* 119 Wn.2d at 103.

12

which require a person to be a "prevailing party" before attorneys' fees can be recovered. RAP 18.1 allows award of attorneys' fees on appeal if the applicable law grants that right. RCW 64.40.020(2) provides that a prevailing party in an action brought pursuant to that chapter may be entitled to reasonable costs and attorneys' fees. "Under section 1988 a prevailing plaintiff should ordinarily recover attorneys fees unless 'special circumstances' exist that militate against making such an award." *Toussaint v. McCarthy*, 826 F.2d 901, 903 (9th Cir. 1987). Generally "a purely technical or *de minimis* victory is such a circumstance." *Farrar v. Hobby*, ___ U.S. ___, 121 L. Ed. 2d 494, 113 S. Ct. 566, 577 (1992). No such special circumstances exist here.

The judgment is affirmed and we award attorneys' fees in accordance with RAP 18.1.

SCHOLFIELD and GROSSE, JJ., concur.