IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| REN HOU YE and ZHONG QIONG TAN, a married couple, and the marital community composed thereof, | ) ) ) ) | No. 81807-4-I (consolidated with No. 81240-8-I) |
| Plaintiffs, | ) ) ) | DIVISION ONE |
| v. | ) ) | |
| MICHAEL LABAZ, individually; and ROWLING INVESTMENTS, LLC, a Washington limited liability company, | ) ) ) ) | |
| Appellants, | ) ) | UNPUBLISHED OPINION |
| BUILDERS CAPITAL OPPORTUNITY FUND, LLC, a Washington professional limited liability company, | ) ) ) ) | |
| Defendant, | ) ) | |
| YOU ZHOU LIAO and HAI YAN LIU, a married couple, and the marital community composed thereof, | ) ) ) ) | |
| Respondents. | ) | |

BOWMAN, J. — Rowling Investments LLC (Rowling) appeals the trial court's summary judgment order dismissing its lawsuit against You Zhou Liao and Hai Yan Liu (Sellers) for breach of a statutory warranty deed. Rowling also argues the trial court erred by awarding the Sellers their attorney fees. We affirm the order dismissing Rowling's lawsuit but reverse the trial court's award of attorney fees.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

Rowling bought a parcel of land from the Sellers in the Beacon Hill neighborhood of King County, intending to develop it into a condominium complex. The Sellers acquired the property in 1994, lived there for about eight years, and then rented it to tenants. At one point, the Sellers considered developing the property and commissioned a survey, which they filed with the King County Recorder's Office in November 2006. The survey documented the property boundaries and showed a chain link fence on the northwest corner of the parcel that did not match the boundary line.



In March 2017, the Sellers and Rowling executed a residential real estate purchase and sale agreement (REPSA). During the escrow process, the Sellers gave details about their knowledge of the property in their "Form 17" disclosures. The Form 17 disclosures stated that title to the property was not subject to "any encroachments, boundary agreements, or boundary disputes." Before the sale

closed, the Sellers gave Rowling a copy of the 2006 survey showing the placement of the chain link fence. Rowling's title insurance report also noted, "Fences do not conform to the boundary lines."

In June 2017, the Sellers recorded a statutory warranty deed (Deed) conveying the property to Rowling. The Deed conveyed title subject to any conditions "which may appear in the public record," including on any recorded survey. Rowling then began building townhomes on the property.

During construction, Rowling and neighboring property owners Ren Hou Ye and Zhong Qiong Tan (Ye/Tan) became involved in a confrontation over their shared boundary line. Ye/Tan asserted a chain link fence marked the line. But Rowling claimed the boundary was several feet beyond the chain link fence. Rowling removed the chain link fence, about three feet of soil, and "other improvements" owned by Ye/Tan in the disputed area.

Ye/Tan sued Rowling,[1] claiming adverse possession and seeking to quiet title to the disputed area in their favor. They also sought money damages for trespass and waste. Rowling tried to tender its defense back to the Sellers under the Deed but they refused to accept. Rowling then sued the Sellers by third party complaint for breach of statutory warranty. Both parties moved for summary judgment. Rowling asserted that the Sellers "breached the statutory warranties contained in the [D]eed." The Sellers argued the face of the Deed unambiguously excluded liability for conditions affecting title shown in public

---

[1] Ye/Tan also sued Michael Labaz, a principal of Rowling. Labaz filed a notice of appeal, which we consolidated with Rowling's appeal. But Labaz did not file a brief, so we do not consider his appeal.

3

records, including those on the 2006 recorded survey.

The trial court granted summary judgment for the Sellers and dismissed Rowling's third party complaint. The trial court also awarded the Sellers attorney fees under the attorney fee provisions in the REPSA. Rowling appeals both the order granting the Sellers' motion for summary judgment and the judgment for attorney fees.

ANALYSIS

Rowling argues the trial court erred in dismissing its claims on summary judgment "because the trial court improperly interpreted an ambiguous [D]eed and improperly relied upon conflicting extrinsic evidence," resolving inferences against Rowling to discern the parties' intent. Rowling also argues the court erred in refusing to apply the doctrine of equitable estoppel. We disagree.

Summary Judgment

We review a trial court's order granting summary judgment de novo. Frisino v. Seattle Sch. Dist. No. 1, 160 Wn. App. 765, 776, 249 P.3d 1044 (2011).[2] We undertake the same inquiry as the trial court. Wilson v. Steinbach, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). That is, we examine the record, including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor, to determine whether a genuine material issue of fact exists. Landstar Inway, Inc. v. Samrow, 181 Wn.

---

[2] The Sellers argue that Rowling did not preserve "the [i]ssue of [a]mbiguity" for appeal because it did not raise it sufficiently below. Because we review an order granting summary judgment de novo, we address Rowling's argument.

App. 109, 120, 325 P.3d 327 (2014) (citing Kofmehl v. Baseline Lake, LLC, 177 Wn.2d 584, 594, 305 P.3d 230 (2013); CR 56(c)). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); White v. State, 131 Wn.2d 1, 9, 929 P.2d 396 (1997). By cross moving for summary judgment, the parties concede there are no material issues of fact. Pleasant v. Regence BlueShield, 181 Wn. App. 252, 261, 325 P.3d 237 (2014) (citing Tiger Oil Corp. v. Dep't of Licensing, 88 Wn. App. 925, 930, 946 P.2d 1235 (1997)).

RCW 64.04.030 governs statutory warranty deeds and includes a covenant to defend against another's claim to title. Edmonson v. Popchoi, 172 Wn.2d 272, 278, 256 P.3d 1223 (2011), aff'g Edmonson v. Popchoi, 155 Wn. App. 376, 228 P.3d 780 (2010). When executed in accordance with the statutory language, such deeds warrant that the conveyance, among other things, is "free from all encumbrances." RCW 64.04.030(2). But a deed may include express limitations, even if it is otherwise in statutory warranty form. See Wash. State Grange v. Brandt, 136 Wn. App. 138, 146, 148 P.3d 1069 (2006) (the deed's express "limiting language" as to the duration of transfer "conveyed something less than an absolute fee simple interest"); Harris v. Ski Park Farms, Inc., 62 Wn. App. 371, 376, 814 P.2d 684 (1991) (citing Studebaker v. Beek, 83 Wash. 260, 265, 145 P. 225 (1915) ("An exception in a deed is a clause that withdraws from its operation some part of the thing granted and which otherwise has passed to the grantee under the general description.")), aff'd, 120 Wn.2d 727, 844 P.2d 1006 (1993).

To interpret a statutory warranty deed, we consider mixed questions of law and fact. Veach v. Culp, 92 Wn.2d 570, 573, 599 P.2d 526 (1979). The intent of the parties is a factual question but the legal consequences of that intent are questions of law. Ray v. King County, 120 Wn. App. 564, 571, 86 P.3d 183 (2004). We apply principles of contract interpretation when interpreting deeds. Popchoi, 155 Wn. App. at 386. Under the objective manifestation theory of contracts, we look for the parties' intent through their objective manifestations rather than any unexpressed subjective intent. Paradiso v. Drake, 135 Wn. App. 329, 336, 143 P.3d 859 (2006). And we give contract terms their ordinary meaning where possible. Storti v. Univ. of Wash., 181 Wn.2d 28, 39, 330 P.3d 159 (2014) (citing Lawrence v. Nw. Cas. Co., 50 Wn.2d 282, 285, 311 P.2d 670 (1957)). We interpret unambiguous contracts as a matter of law. State v. Brown, 92 Wn. App. 586, 594, 965 P.2d 1102 (1998).

Here, the Sellers recorded the Deed conveying their property to Rowling with express limitations:

> This conveyance is subject to covenants, conditions, restrictions and easements, if any, affecting title, which may appear in the public record, including those shown on any recorded plat or survey.

The trial court determined that this language unambiguously disclaimed any warranties as to conditions affecting title apparent in the 2006 recorded survey, including the disputed area. The court ruled:

> [T]he [D]eed itself is crystal-clear that this property was subject to the recorded survey. It's right on the face of the [D]eed. It's not a long and complex deed, nothing is buried in fine print here, it's standard exclusionary language, and the survey was recorded from

2006.  The buyer was put on express notice that the [D]eed did not warrant defects and title disclosed by the survey.

Reviewing the record de novo, we reach the same conclusion.  The Deed conformed to the requirements of RCW 64.04.030.  It also contained an express limitation that the Sellers did not warrant against conditions affecting title appearing in the public record, including on "any recorded plat or survey."  This unambiguous language overcomes the statutory presumption in RCW 64.04.030(2) that a warranty is "free from all encumbrances."[3]  And the discrepancy between the fence line and boundary line of the property appeared on the face of the 2006 survey, which the Sellers recorded as part of the public record.  The trial court did not err in granting summary judgment for the Sellers.

Equitable Estoppel

Rowling also argues that the trial court should have equitably estopped the Sellers from relying on the "subject to" language of the Deed because the Sellers' represented that the property was free from boundary encroachments in the Form 17 disclosures.[4]

The doctrine of equitable estoppel " 'prevents a party from taking a position inconsistent with a previous one where inequitable consequences would result to a party who has justifiably and in good faith relied.' "  Wilson v. Dep't of Ret. Sys., 15 Wn. App. 2d 111, 122, 475 P.3d 193 (2020) (quoting Silverstreak,

---

[3] Because we agree with the trial court that the language of the Deed is unambiguous, we need not look to extrinsic evidence, and reject Rowling's assertion that the trial court relied on such evidence.  Mayer v. Pierce County Med. Bureau, Inc., 80 Wn. App. 416, 423, 909 P.2d 1323 (1995).

[4] Rowling raised equitable estoppel in opposition to the Sellers' motion for summary judgment.  While the trial court did not rule on Rowling's equitable estoppel argument, we infer from its order granting summary judgment to the Sellers that it was unpersuaded by the assertion.

Inc. v. Dep't of Labor & Indus., 159 Wn.2d 868, 887, 154 P.3d 891 (2007)). The doctrine applies if (1) a party makes a statement inconsistent with a claim afterward asserted, (2) the other party acts in reasonable reliance on that statement, and (3) repudiation of the statement would injure the relying party. Peterson v. Groves, 111 Wn. App. 306, 310, 44 P.3d 894 (2002). Reliance is reasonable only when the party claiming estoppel did not know the facts and had no means to discover them. Concerned Land Owners of Union Hill v. King County, 64 Wn. App. 768, 778, 827 P.2d 1017 (1992). Washington courts do not favor equitable estoppel, and a party asserting the doctrine must prove each of its elements by clear, cogent, and convincing evidence. Teller v. APM Terminals Pac., Ltd., 134 Wn. App. 696, 712, 142 P.3d 179 (2006). We review a trial court's refusal to apply the doctrine of equitable estoppel for an abuse of discretion. Ford v. Bellingham–Whatcom County Dist. Bd. of Health, 16 Wn. App. 709, 716, 558 P.2d 821 (1977).

As much as the Sellers' Form 17 disclosures denied any boundary encroachments, reliance by Rowling on the disclosure statements was unreasonable. At the time of the conveyance, Rowling knew about the boundary irregularity through the 2006 survey and the title report. No reasonable buyer in Rowling's position would have ignored these records in favor of the Form 17 disclosures.[5] See Jackowski v. Borchelt, 151 Wn. App. 1, 17-18, 209 P.3d 514 (2009) (actual knowledge of a hazardous condition renders reliance on a contrary

---

[5] We also note that Form 17 states, "THIS INFORMATION IS FOR DISCLOSURE ONLY AND IS NOT INTENDED TO BE A PART OF ANY WRITTEN AGREEMENT BETWEEN BUYER AND SELLER."

Form 17 disclosure unreasonable), aff'd, 174 Wn.2d 720, 278 P.3d 1100 (2012). The trial court did not err in refusing to apply the doctrine of equitable estoppel.

Attorney Fee Award

Rowling argues the trial court erred by awarding attorney fees to the Sellers. We agree.

We apply a two-part standard of review to a trial court's award or denial of attorney fees: (1) we review de novo whether there is a legal basis for awarding attorney fees and (2) we review the decision to award or deny discretionary attorney fees as well as the reasonableness of the amount for an abuse of discretion. Falcon Props. LLC v. Bowfits 1308 LLC, 16 Wn. App. 2d 1, 11, 478 P.3d 134 (2020). Courts may award attorney fees only when authorized by a contract provision, a statute, or a recognized ground in equity. King County v. Vinci Constr. Grands Projects/Parsons RCI/Frontier-Kemper, JV, 188 Wn.2d 618, 625, 398 P.3d 1093 (2017). Because the issue here is whether a contract authorized the award of attorney fees, we review the question de novo.

The Sellers rely on the following provision in the REPSA as the basis for their attorney fee award:

> **Professional Advice and Attorneys' Fees.** Buyer and Seller are advised to seek the counsel of an attorney and a certified public accountant to review the terms of this Agreement. Buyer and Seller shall pay their own fees incurred for such review. However, if Buyer or Seller institutes suit against the other concerning this Agreement the prevailing party is entitled to reasonable attorneys' fees and expenses.

The provisions of a REPSA generally merge into an executed deed.

Barber v. Peringer, 75 Wn. App. 248, 251, 877 P.2d 223 (1994); see also Black

v. Evergreen Land Developers, Inc., 75 Wn.2d 241, 248, 450 P.2d 470 (1969) (Provisions of a real estate contract and sale agreement and all prior negotiations merge into the deed delivered and accepted in fulfillment of the earlier contract.). A deed is an "amendment of the original contract" that contains the parties' final expression of intent. Snyder v. Roberts, 45 Wn.2d 865, 871, 278 P.2d 348 (1955). An exception to merger exists if the terms of the purchase and sale agreement (1) are not contained in or performed by the execution and delivery of the deed, (2) are consistent with the deed, and (3) are independent of the obligation to convey. Brown v. Johnson, 109 Wn. App. 56, 60, 34 P.3d 1233 (2001).

The Sellers argue they are entitled to attorney fees because Rowling's lawsuit concerned sections (d) and (e) of the REPSA, which are "independent promises [that] survived merger."[6] Section (d) provides that "title to the Property shall be marketable at Closing." Section (e) authorizes the purchase of title insurance and limits Rowling's damages to the return of its earnest money if "title cannot be made so insurable prior to the Closing Date." According to the Sellers, these provisions, "which were not contained in the [D]eed and were not performed by the [D]eed," operated to protect them from liability, so the trial court "correctly awarded the [S]ellers their attorney fees incurred in defending [Rowling's] suit."

---

[6] Sellers also argue that Rowling waived any challenge to the award of attorney fees because it did not assign error to the trial court's "specific [f]inding of [f]act" that its lawsuit concerned the REPSA. Because the trial court's determination amounts to a conclusion of law and Rowling adequately assigned error to the conclusion, we reject the Sellers' argument.

The Sellers are incorrect. Rowling tied its breach of warranty claim directly to the Deed. It asserted no claims under the REPSA. And the trial court dismissed the lawsuit under the plain language of the Deed.

This case is like Haley v. Hume, 10 Wn. App. 2d 484, 448 P.3d 803 (2019), review denied, 195 Wn.2d 1015, 461 P.3d 1197 (2020). There, a buyer sued a seller and title insurance company for breach of warranty and breach of duty to defend. Hume, 10 Wn. App. 2d at 491. The trial court dismissed the buyer's claims on summary judgment and denied the seller's request for attorney fees under the purchase and sale agreement. Hume, 10 Wn. App. 2d at 491-92. We affirmed, concluding the agreement merged into the statutory warranty deed and the buyer's claims arose under the deed, not the REPSA. Hume, 10 Wn. App. 2d at 502-03.

Like the buyer in Hume, Rowling's claim stemmed from the statutory warranty in the Deed and its complaint related directly to the conveyance of title. And the trial court dismissed Rowling's claim based on the plain language of the Deed. We reverse the trial court's order awarding attorney fees to the Sellers.[7]

Attorney Fees on Appeal

Rowling asks for attorney fees "as the prevailing party on appeal." When a grantor breaches its duty to defend under a warranty deed, the injured grantee "may recover damages for lost property or diminution in property value and, in the context of the warranty to defend, attorney fees proximately caused by the

---

[7] Rowling satisfied the attorney fee judgment in May 2020. It asks us to order the Sellers to pay interest on the judgment. But awards reversed on review do not bear interest. Fisher Props., Inc. v. Arden-Mayfair, Inc., 115 Wn.2d 364, 373, 798 P.2d 799 (1990).

breach." Edmonson, 155 Wn. App. at 383-84; Mellor v. Chamberlin, 100 Wn.2d 643, 649, 673 P.2d 610 (1983). When the law allows for attorney fees in the trial court, the prevailing party may recover them on appeal as well. RAP 18.1; Landberg v. Carlson, 108 Wn. App. 749, 758, 33 P.3d 406 (2001). Because the Sellers did not breach their warranty, Rowling is not an "injured grantee"[8] and is not entitled to attorney fees.

The Sellers claim they are entitled to fees on appeal under the REPSA. Again, because the terms of the REPSA merged into the Deed and Rowling's claims arose under the Deed, not the REPSA, we deny the Sellers' request for attorney fees on appeal.

We affirm the trial court's order dismissing Rowling's lawsuit but reverse its award of attorney fees to the Sellers and decline to award attorney fees to either party on appeal.

_____

WE CONCUR:

_____          _____

---

[8] Edmonson, 172 Wn.2d at 278.