[No. 33203-1-I.   Division One.   August 1, 1994.]

FRED BARBER, ET AL, *Respondents*, v. SHIRLEY L. PERINGER, *Appellant*.

*Richard I. Sampson,* for appellant.

*B. Jeffrey Carl* and *Helsell, Fetterman, Martin, Todd & Hokanson,* for respondents.

AGID, J. — Shirley Peringer appeals a summary judgment order awarding attorney fees to Debra and Fred Barber for a quiet title action involving property she sold to the Barbers. We conclude that Peringer's duty to deliver good title and the attorney fees provision of the sales agreement both merged into the statutory warranty deed. Under applicable case law, there is no basis for an award of attorney fees for a breach of the covenants contained in a statutory warranty deed. Accordingly, we reverse the award. Because there are no disputed facts, we also direct the trial court to enter

summary judgment in favor of Peringer. Finally, we remand to the trial court for determination of what, if any, attorney fees are to be awarded to Peringer pursuant to her previously filed RCW 4.84.250 motion.

## I

### FACTS

Peringer formerly owned a home in Seattle. Her parents purchased the property in the 1940's and built a house in 1947 or 1948. They also built a paved driveway extending from the street to the garage. The driveway follows the natural topography of the property and has been surrounded by a cement-block retaining wall since the 1950's. Peringer inherited the property upon her parents' deaths.

In 1988, Peringer sold her house to the Barbers. On March 14, the parties signed a real estate purchase and sale agreement (REPSA). On June 17, when the sale closed, Peringer executed and delivered a statutory warranty deed to the Barbers' escrow agent. A few months later, the Barbers discovered that part of the driveway was included in the legal description of a neighbor's property and not in the legal description of their property. The Barbers asked the neighbor, Michael R. Chamberlin, to either quitclaim the disputed portion of the driveway to them or grant an easement over it. Chamberlin was unwilling to do either without compensation. The Barbers then asked Peringer to take whatever action was necessary to provide them with clear title to the disputed part of the driveway. Peringer refused.

The Barbers commenced a quiet title action against Chamberlin and Peringer. Peringer executed a declaration in support of the Barbers' motion for summary judgment in which she stated facts the trial court found sufficient to establish that she had acquired the disputed part of the driveway through adverse possession prior to the time the sale closed. Peringer's declaration also stated that she intended to convey the entire driveway to the Barbers. The trial court granted summary judgment quieting title to the disputed part of the driveway in the Barbers.

The Barbers then commenced an action against Peringer to recover the costs and fees incurred in the quiet title action. They sought reimbursement for damages based on Peringer's breach of the REPSA and of warranties flowing from the statutory warranty deed. The trial court found that Peringer had breached the REPSA and granted summary judgment to the Barbers, awarding them $4,349.39 in attorney fees, costs and expenses incurred in the quiet title action and $3,344 in attorney fees incurred in the action under the REPSA. Both awards were based on the attorney fees provision in the REPSA. Peringer appeals both awards.

## II

### MERGER

The first question is whether the duty to deliver good title merged into the statutory warranty deed. This duty is contained in paragraph 24 of the REPSA, which provides:

24. CONVEYANCING.

CLEAR TITLE. If this agreement is for conveyance of the fee title, TITLE SHALL BE CONVEYED BY STATUTORY WARRANTY DEED free of encumbrances or defects expect [*sic*] those noted in paragraph 6.

Paragraph 6 provides:

6. CONDITION OF TITLE. Title to property is to be free of all encumbrances or defects, except *NONE* (handwritten) . . ..

The trial court found that Peringer breached this provision by failing to deliver clear title to the adversely possessed portion of the driveway.

The doctrine of merger is founded on the parties' privilege to change the terms of their contract at any time prior to performance. Execution, delivery, and acceptance of the deed becomes the final expression of the parties' contract and therefore subsumes all prior agreements. *Snyder v. Roberts*, 45 Wn.2d 865, 871, 278 P.2d 348, 52 A.L.R.2d 631 (1955). In general, the provisions of a real estate purchase and sales agreement merge into the deed, although there may be exceptions to this rule when there are collateral contract requirements that are not contained in or per-

formed by the execution and delivery of the deed, are not inconsistent with the deed, and are independent of the obligation to convey. *Black v. Evergreen Land Developers, Inc.*, 75 Wn.2d 241, 248, 450 P.2d 470 (1969).

We conclude that paragraph 24 merged into the statutory warranty deed because the obligation contained in that provision, the duty to convey fee title by statutory warranty deed, was performed by execution, delivery, and acceptance of the deed, which carries with it the covenant of seisin. Once the documents and their obligations merged, Peringer could no longer breach the REPSA. Thus, the damages award based on that breach was error.

We are not persuaded by the Barbers' argument that, because the obligation under the REPSA to deliver title "free of encumbrances or defects" includes the separate obligation to deliver marketable title, paragraph 24 is a collateral requirement of the contract. The question of what obligations are contained in paragraph 24 is secondary to the question addressed above: does paragraph 24 survive the doctrine of merger? If not, the provisions of paragraph 24 become irrelevant.

Moreover, the Barbers provide no authority which supports their proposition that a contractual obligation to deliver good and marketable title survives merger into the deed *after* the sale is closed. They rely primarily on specific performance cases in which the court held that a contractual obligation to deliver clear title requires the seller to deliver marketable title *before* the contract will be enforced. *Hebb v. Severson*, 32 Wn.2d 159, 169, 201 P.2d 156 (1948) (in specific performance action, contract clause requiring that property be conveyed by warranty deed free of encumbrances must be satisfied by tender of marketable title, not merely by tender of warranty deed); *Scott v. Stanley*, 149 Wash. 29, 270 P. 110 (1928) (in action by brokers against vendor to recover unpaid commissions on real estate contracts which were never performed, vendor's failure to provide "good marketable" title justified vendee's rejection of contract and created vendor liability for brokers' commissions; providing title based upon

vendor's unadjudicated adverse possession inadequate to satisfy contractual requirement to tender "good marketable" title); *Coonrod v. Studebaker*, 53 Wash. 32, 35-36, 101 P. 489 (1909) (in specific performance action, vendor's failure to provide marketable title justified vendee's refusal to perform); *Davis v. Lee*, 52 Wash. 330, 337, 100 P. 752 (1909) (in damages action in which vendor did not hold title to property conveyed, parties' agreement did not merge into quitclaim deed and vendee had a cause of action for failure of title); *Valley Garage, Inc. v. Nyseth*, 4 Wn. App. 316, 319, 481 P.2d 17 (1971) (in specific performance action, indefinite provisions of contract may be rendered certain through reference to legal presumptions and established customs, including presumption that vendor of real estate will convey good or marketable title).

These cases stand for the proposition that, when a real estate contract requires delivery of good title, marketable title must be delivered before the contract will be enforced and the remedy of specific performance allowed. They do not, however, compel the legal conclusion that delivery of marketable title is collateral to a contract requirement to deliver clear title where a statutory warranty deed has already been tendered and accepted and neither specific performance nor damages for failure to close the transaction is at issue. Under paragraph 24, the Barbers may have had the contractual right to receive marketable title. However, because the deed had already been executed and accepted when the dispute arose, the doctrine of merger extinguished any contractual right created by the REPSA to have marketable title conveyed.

### III

#### FEES BASED ON BREACH OF THE REPSA

The trial court awarded attorney fees to the Barbers pursuant to paragraph 18 of the REPSA, which grants attorney fees to a party who must commence legal action to enforce any rights contained in the REPSA. However, because the REPSA merged into the statutory warranty

deed, there were no contractual rights for either party to enforce. The attorney fees provision was restricted to enforcing rights under the REPSA. Accordingly, it is not collateral to the deed. We conclude that the attorney fees provision of the REPSA therefore also merged into the deed and that the parties' right to attorney fees for an action under the REPSA ended when the deed was executed and accepted. *Barnhart v. Gold Run, Inc.*, 68 Wn. App. 417, 424, 843 P.2d 545 (1993). The award of attorney fees on this basis was error.

## IV

### FEES BASED ON BREACH OF STATUTORY WARRANTIES

■ We must next determine whether the deed itself may support the attorney fees award to the Barbers. On appeal, a trial court's judgment may be sustained upon any theory established by the pleadings[1] and supported by the proof, regardless of the theory applied below. *LaMon v. Butler*, 112 Wn.2d 193, 200-01, 770 P.2d 1027, *cert. denied*, 493 U.S. 814 (1989).

■ Statutory warranty deeds are created under RCW 64.04.030. This statute does not authorize an award of attorney fees to a grantee who prevails in an action against a grantor for damages resulting from a breach of any of the covenants contained in a statutory warranty deed. *Mellor v. Chamberlin*, 100 Wn.2d 643, 648-49, 673 P.2d 610 (1983). Thus, the deed cannot be a source of attorney fees for the Barbers, and the trial court's award cannot be sustained under that theory.

■ The Barbers concede that *Mellor* is applicable law but argue that Peringer raised this nonconstitutional issue for the first time on appeal and that it is therefore not properly before this court. RAP 2.5(a); *Washburn v. Beatt Equip. Co.*, 120 Wn.2d 246, 289, 840 P.2d 860 (1992). Nonetheless, we follow *Mellor* in this case because we are obligated to follow established precedent even if it was not argued in the trial

---

[1]The pleadings establish that the Barbers did seek damages for breach of the deed.

court. *Maynard Inv. Co. v. McCann*, 77 Wn.2d 616, 623, 465 P.2d 657 (1970).[2]

## V

### ATTORNEY FEES ON APPEAL

The Barbers seek attorney fees for this appeal pursuant to paragraph 18 of the REPSA. A contract which provides for an award of attorney fees at trial also supports an award of attorney fees on appeal. *Marine Enters., Inc. v. Security Pac. Trading Corp.*, 50 Wn. App. 768, 774, 750 P.2d 1290, *review denied*, 111 Wn.2d 1013 (1988). However, for the same reason that we conclude that paragraph 18 cannot support an award of attorney fees at trial, we deny attorney fees on appeal.

## VI

### SUMMARY JUDGMENT TO NONMOVING PARTY

We have determined that the trial court erroneously entered summary judgment in favor of the Barbers. Therefore, the judgment is reversed. The parties agree that the facts in this case are not in dispute. Because disposition of the case is a question of law, we direct the trial court to grant summary judgment dismissing the action. *Impecoven v. Department of Rev.*, 120 Wn.2d 357, 365, 841 P.2d 752 (1992).

Peringer was not the prevailing party below and her request for attorney fees pursuant to RCW 4.84.250 was thus not decided by the trial court. We decline to consider

---

[2]Because we conclude that the deed cannot support the award of attorney fees, we need not reach the issue of whether any of the warranties contained in the deed was breached or whether the adversely possessed portion of the driveway is subject to the warranties. However, the record indicates that there was no breach of the warranty of seisin because the Barbers received what the deed conveyed: lot 12. The legal description in the deed did not contain the disputed portion of the driveway, and there is no legal authority to support the proposition that a grantor warrants unadjudicated adversely possessed property which is not included in the legal description in a statutory warranty deed. There was also no breach of the warranty of quiet enjoyment because the Barbers were not actually or constructively evicted from the disputed portion of the driveway. *Foley v. Smith*, 14 Wn. App. 285, 291, 539 P.2d 874 (1975). Chamberlain's denial of the Barbers' adverse possession rights in his answer to their quiet title complaint is not sufficient to constitute eviction.

256

this issue on appeal because the trial court has not had an opportunity to consider it.

Reversed and remanded for further proceedings consistent with this opinion.

GROSSE and BECKER, JJ., concur.

Reconsideration denied October 26, 1994.