34 P.3d 1233 (2001)
109 Wash.App. 56
Lisa M. BROWN, a single woman, Respondent,
v.
Diana G. (Miller) JOHNSON, Appellant.
No. 46149-4-I.
Court of Appeals of Washington, Division 1.
November 5, 2001.
Matthew Davis, Demco Law Firm, Seattle, Counsel for Appellant.
Gary Brandstetter, Attorney At Law, Snohomish, Counsel for Respondent.
BAKER, J.
Diana Miller Johnson (hereafter "Johnson") appeals a judgment entered on a verdict that she misrepresented the condition of her home when she sold it to Lisa Brown. Brown cross-appeals her limited award of attorney fees. Because Johnson concedes that Brown proved some acts of misrepresentation and substantial evidence supports the award of damages, we affirm on those issues. However, we reverse the refusal to award attorney fees based on the parties' purchase and sale agreement.

I
After a long search, Lisa Brown found her dream house listed for sale by Diana Miller Johnson. It was described as a completely *1234 remodeled three-bedroom 2½ bath home on five acres with a three-story barn and possible mother-in-law apartment in another outbuilding. Included were a central vacuum system, master suite with private bath, picture-perfect deck, and beautiful landscaping.
Brown purchased the property. After taking possession, she discovered substantial defects in the house, including water leaking in her front room and in the basement, exposed wiring, and a second story addition, built without the benefit of permits, that rendered the house structurally unsound. She reported her discoveries to the real estate agent and was advised that neither the agent nor Johnson would take any remedial action.
Unable to make the necessary repairs, Brown eventually left the house to her mortgagee, which later sold it at short sale for just over half of Brown's purchase price. Brown sued Johnson for misrepresentation. The jury awarded Brown $105,000 in damages. Johnson appeals. Brown cross-appeals the trial court's limited award of attorney fees.

II
Brown argues that the trial court erred in limiting her attorney fee award to only those fees relating to misrepresentations about the septic system. She contends that she is entitled to fees because the parties' purchase and sale agreement provided for attorney fees to the prevailing party in the event of a dispute. We agree.
If an action in tort is based on a contract containing an attorney fee provision, the prevailing party is entitled to attorney fees.[1] An action is "on a contract" if a) the action arose out of the contract; and b) if the contract is central to the dispute.[2] In Edmonds v. John L. Scott Real Estate, Inc., we upheld an award of attorney fees to a plaintiff who sued for breach of fiduciary duty and other tort claims when her real estate broker failed to return her earnest money on termination of a transaction, and instead disbursed it to himself and to the seller.[3] We concluded that her action was on a contract because her claims arose out of the duty created by her buyer/broker agreement and the broker's drafting of the earnest money agreement.[4] Because the agreement contained an attorney fee provision, Edmonds was entitled to fees.
Here, the purchase and sale agreement between Brown and Johnson stated at paragraph 28:
If Buyer, Seller, Listing Agent or Selling Licensee institutes suit concerning this Agreement, including, but not limited to claims brought pursuant to the Washington Consumer Protection Act, the prevailing party is entitled to court costs and a reasonable attorney's fee. In the event of trial, the amount of the attorney's fee shall be fixed by the court.
Brown's action for misrepresentation arises out of the parties' agreement to transfer ownership of Johnson's home to Brown.[5] Moreover, the purchase and sale agreement was central to her claims.
Johnson argues that Brown is not entitled to fees because the purchase and sale agreement merged with the deed upon transfer and the deed does not provide for attorney fees. The doctrine of merger in the context of real property transfers deals with the transfer of title and accompanying covenants.[6] Under the doctrine, the terms of a real estate purchase and sales agreement merge into a deed.[7] This recognizes parties' *1235 rights to change the terms of their contract at any time prior to performance.[8]
In Barber v. Peringer, we held that the attorney fees spent by the buyer of real property in quieting title to a section of the driveway across the property could not be recovered against the seller because all issues concerning title had merged upon execution and delivery of the deed. Likewise, in Barnhart v. Gold Run, Inc.,[9] the court affirmed the trial court's denial of fees to plaintiff's, who sued to establish their right to use a strip of land held by adverse possession by their neighbors. The court held that because the dispute involved terms central to the deed, the purchase and sale agreement merged into the deed and the parties could no longer rely on the agreement to recover attorney fees.[10]
But the doctrine of merger has its exceptions, one of which includes actions based on fraud or mistake.[11] The rule also does not apply where terms of a purchase and sale agreement are not contained in or performed by the execution and delivery of the deed, are not inconsistent with the deed, and are independent of the obligation to convey.[12] In this case, Brown's action for misrepresentation does not relate to title or any other terms contained in the deed and therefore falls within the doctrine's exceptions. We reverse and remand to the trial court for an award of reasonable attorney fees to Brown.
The remainder of this opinion has no precedential value and will not be published.[13]
AFFIRMED in part, REVERSED in part.
ELLINGTON and GROSSE, JJ., concur.
NOTES
[1] Edmonds v. John L. Scott Real Estate, Inc., 87 Wash.App. 834, 855, 942 P.2d 1072 (1997).
[2] Edmonds, 87 Wash.App. at 855, 942 P.2d 1072.
[3] Edmonds, 87 Wash.App. at 842, 855-56, 942 P.2d 1072.
[4] Edmonds, 87 Wash.App. at 855, 942 P.2d 1072.
[5] Johnson's contention that Brown's claim arises solely out of the disclosure statement is not accurate. In fact, the action is a common law action for misrepresentation of which Johnson's failure to disclose on the disclosure statement was but one act among several acts and omissions by Johnson culminating in the jury's verdict for Brown.
[6] See generally, 18 William S. Stoebuck, Washington Practice: Real Estate: Transactions § 13.2 (1995). See e.g., Harris v. Ski Park Farms, Inc., 62 Wash.App. 371, 814 P.2d 684 (1991) (in construing the meaning of a deed and resolving issue of right of way, provisions of the sale agreement merged into the deed).
[7] Barber v. Peringer, 75 Wash.App. 248, 251, 877 P.2d 223 (1994).
[8] Barber, 75 Wash.App. at 251, 877 P.2d 223.
[9] 68 Wash.App. 417, 843 P.2d 545 (1993).
[10] Barnhart, 68 Wash.App. at 424, 843 P.2d 545.
[11] Davis v. Lee, 52 Wash. 330, 331, 100 P. 752 (1909).
[12] Barber, 75 Wash.App. at 251-52, 877 P.2d 223.
[13] RCW 2.06.040.