[No. 27263-6-II.   Division Two.   December 21, 2001.]

DONALD G. FAILES, *Respondent*, v. DONALD LICHTEN, ET AL., *Appellants*.

---

*Steven C. Gish*, for appellants.

*David V. Johnson* (of *Johnson & Rutz*), for respondent.

MORGAN, J. — Donald and Carol Lichten appeal the trial court's denial of their motion for reasonable attorney fees. We reverse and remand.

On August 20, 1998, Donald Failes bought a house from Donald and Carol Lichten. The sale was evidenced by a written Real Estate Purchase and Sale Agreement (REPSA).

The REPSA included an attorney fee clause. It provided in paragraph 15 that if the buyer or seller "is involved in

any dispute relating to this transaction, any prevailing party shall recover reasonable attorney's fees and costs (including those for appeals) which relate to the dispute."[1]

The REPSA also included an antimerger clause. It provided in paragraph 20(h) that "all terms of this Agreement, which are not satisfied or waived prior to closing, shall survive closing. These terms shall include, but not be limited to, representations and warranties, attorney's fees and costs, disclaimers, repairs, rents and utilities, etc."[2]

On September 9, 1998, the Lichtens signed a Statutory Warranty Deed that did not repeat the REPSA's attorney fee clause. On September 15, 1998, the sale closed.

After closing, Failes sued the Lichtens for "fraudulent concealment, misrepresentation, and/or mutual mistake of fact."[3] He alleged that the home was subject to various problems, including "very high levels of health endangering molds and yeasts (microbial growth)."[4] He prayed for "rescission of the sale, either because of misrepresentation or mutual mistake of fact; for damages suffered by Plaintiff as a result of Defendants' misrepresentation; [and] for reasonable attorney's fees and legal costs as authorized by the Purchase and Sale Agreement."[5] Interestingly, Failes supported his prayer for attorney fees by alleging in paragraph 3.11 of his amended complaint:

> The Purchase and Sale Agreement provided for attorney's fees and costs to the prevailing party of a suit for breach of contract. Plaintiff is entitled to reasonable attorney's fees and costs against Defendants.[6]

In March 2000, all but one of Failes' claims were dismissed on summary judgment. In March 2001, the remain-

---

[1] Clerk's Papers (CP) at 27.

[2] *Id.*

[3] *Id.* at 45.

[4] *Id.* at 47.

[5] *Id.* at 48-49.

[6] *Id.* at 48.

ing claim was dismissed after a bench trial. None of those decisions has been appealed.

In late March and again in mid-April 2001, the Lichtens moved for an award of reasonable attorney fees. Like Failes, they alleged that paragraph 15 of the REPSA applies in this case. They also alleged that they were the prevailing parties, because all of Failes' claims had failed. When the trial court denied their motions, they filed this appeal.

We address two questions. (1) Did the dispute manifested by Failes' lawsuit "relate to" the transaction manifested by the REPSA? (2) Did the REPSA's attorney fee clause merge into the deed so that it was unenforceable after closing? It is undisputed that the Lichtens prevailed on Failes' claims.

We answer the first question yes. Paragraph 15 of the REPSA states that if the buyer or seller "is involved in any dispute relating to this transaction, any prevailing party shall recover reasonable attorney's fees and costs (including those for appeals) which relate to the dispute."[7] In his amended complaint, Failes expressly sought to rescind the transaction, or to alter its economic consequences by obtaining an award of damages. He also sought reasonable attorney fees based on the REPSA. The only available conclusion is that because of Failes' lawsuit, he and the Lichtens were "involved in [a] dispute relating to this transaction" within the meaning of the REPSA's paragraph 15.

We answer the second question no. Whether a REPSA merges into a deed depends on the parties' intent.[8] As the Washington Supreme Court said in *Harris v. Ski Park Farms, Inc.*, 120 Wn.2d 727, 844 P.2d 1066 (1993), *cert. denied*, 510 U.S. 1047 (1994):

---

[7] *Id.* at 27.

[8] *Harris v. Ski Park Farms, Inc.*, 120 Wn.2d 727, 742, 844 P.2d 1006 (1993), *cert. denied*, 510 U.S. 1047 (1994); *Black v. Evergreen Land Developers, Inc.*, 75 Wn.2d 241, 248-49, 450 P.2d 470 (1969); *Davis v. Lee*, 52 Wash. 330, 330-31, 100 P. 752 (1909).

Ski Park finally argues that, under the doctrine of merger, the purchase and sale agreement merged into the deed. . . . Both Ski Park and the Court of Appeals rely on *Black v. Evergreen Land Developers[, Inc.*, 75 Wn.2d 241, 450 P.2d 470 (1969)]. However, that case recognized that there were exceptions to the merger doctrine. This court has held that where the intent of the parties is not clearly expressed in the deed, courts may consider parol evidence. In order to determine the intent of the parties, extrinsic evidence is admissible as to the entire circumstances under which a contract is made.[9]

And in *Black v. Evergreen Land Developers, Inc.*,75 Wn.2d 241, 450 P.2d 470 (1969), the Supreme Court quoted an earlier case as follows:

"In all cases then, where there are stipulations in a preliminary contract for the sale of land, of which the conveyance itself is not a performance, the true question must be whether the parties have intentionally surrendered those stipulations. The evidence of that intention may exist in or out of the deed. If plainly expressed in the very terms of the deed, the evidence will be decisive. If not so expressed, the question is open to other evidence, and I think in the absence of all proof there is no presumption that either party, in giving or accepting a conveyance, intends to give up the benefit of covenants of which the conveyance is not a performance or satisfaction."[10]

In this case, the parties agreed to an antimerger clause. It provided, as already seen, that "all terms of this [REPSA], which are not satisfied or waived prior to closing, shall survive closing," including "attorney's fees and costs." The term providing for attorney fees was neither waived nor satisfied prior to closing; it was not even mentioned in the deed. Additionally, there is no reason to think the parties intended to surrender their right to attorney fees upon closing, particularly where they included an anti-merger clause. Finally, it makes no sense that they would have intended to limit fees and costs to rescission suits brought before closing, given that such suits are often brought after closing. We hold that the REPSA's attorney

---

[9] *Harris*, 120 Wn.2d at 742 (footnote omitted).

[10] *Black*, 75 Wn.2d at 248-49 (emphasis omitted) (quoting *Davis*, 52 Wn. at 335-36).

fee provision did not merge into the deed, and that it continues to apply here.

Failes relies on *Barber v. Peringer*,[11] but that case is readily distinguishable. The REPSA there did not contain an antimerger clause, whereas the REPSA here does.

Although we distinguish *Barber*, we also note our inability to follow its remarks about merger. Barber bought a house from Peringer. They executed a REPSA that "grant[ed] attorney fees to a party who must commence legal action to enforce any rights contained in the REPSA."[12] The REPSA must also have contained a legal description of the subject property.

At closing, as far as we can tell from the court's opinion, Peringer gave Barber a deed with a legal description that matched the one in the REPSA. After closing, Barber "discovered that part of the driveway was included in the legal description of a neighbor's property and not in the legal description of [his] property."[13]

Barber responded to this discovery by successfully suing the neighbor for adverse possession.[14] He named Peringer as an additional defendant, but he and she were not really opposed; she disavowed any interest in the driveway and even filed a declaration in support of his claim.

After recovering against the neighbor, Barber sued Peringer in a second, separate action. He sought to recover from Peringer the fees and costs he had incurred to prosecute the adverse possession action against the neighbor. To bring the new action within the Barber-Peringer REPSA, he must have alleged, though the opinion does not clearly show, that he had brought the adverse possession action "to

---

[11] 75 Wn. App. 248, 877 P.2d 223 (1994).

[12] *Barber*, 75 Wn. App. at 253. The *Barber* court did not set forth the actual language from the Barber-Peringer REPSA. Instead, it paraphrased that language as shown in the main text.

[13] *Barber*, 75 Wn. App. at 250.

[14] The opinion characterizes the action as one for quiet title. More specifically, however, it was an action for adverse possession.

enforce [a] right contained in the REPSA." It seems apparent, however, that he brought the action to enforce a right granted to him by the law of adverse possession, not a right granted to him by the REPSA; anyone who owned the property could have sued for adverse possession even if the REPSA had never existed. Moreover, it does not seem that Peringer breached the REPSA, because she had deeded all the property that the REPSA had legally described; as the *Barber* court noted, "[T]here is no legal authority to support the proposition that a grantor warrants unadjudicated adversely possessed property which is not included in the legal description in a statutory warranty deed."[15] In sum, the discussion in *Barber* fails to show that the adverse possession action was brought to enforce a right contained in the REPSA, or that Peringer had breached the REPSA. Accordingly, Barber's second, separate action for fees should have failed without reference to the doctrine of merger.

■ Based on the REPSA, we hold that the trial court erred by refusing to grant the Lichtens their reasonable attorney fees and costs. We emphatically add, however, that the trial court is under no obligation to accept the Lichtens' assertion that $37,000 is a reasonable amount of fees for the two-day bench trial that occurred in this case. On remand, the trial court's obligation is to set and award a *reasonable* amount of fees and costs. The award shall include fees and costs reasonably incurred by the Lichtens in this successful postjudgment appeal, but not fees or costs incurred by the Lichtens in their unsuccessful effort to obtain prejudgment discretionary review.

Reversed and remanded for further proceedings.

SEINFELD and HOUGHTON, JJ., concur.

---

[15] 75 Wn. App. at 255 n.2.