# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| JAMES BROOKS, an individual,<br><br>                Appellant,<br><br>    v.<br><br>JOHN E. NORD, Successor Trustee of the<br>David I. Huffman and Lois P. Huffman<br>Living Trust Dated September 22, 2006,<br><br>                Respondent. | No.  53687-1-II<br><br><br><br><br>PUBLISHED OPINION |

WORSWICK, J. — John Nord, as successor trustee of the David I. Huffman and Lois P. Huffman Living Trust (the trust), appeals the trial court's denial of his motion for attorney fees under a Residential Real Estate Purchase and Sale Agreement (REPSA).  James Brooks brought suit claiming that the previous trustee misrepresented the condition of real estate in a Form 17 disclosure before the trust's sale of the property to Brooks.  Nord prevailed on summary judgment, but the trial court denied his request for attorney fees.  Nord argues that because he prevailed on summary judgment and because Brooks's suit was on the contract, he is entitled to fees under the REPSA's attorney fees provision.  Because the causes of action asserted in the complaint were torts that arose from the contract, we reverse and remand for an award of attorney fees.

## FACTS

In 1979, David and Lois Huffman purchased real property in Longview.  The Huffmans built a house on the property in 1981 (the property).  In 2006, the Huffmans established a trust

and transferred ownership of the property to the trust. In March 2014, the Huffmans' daughter,

Erin Moore, was appointed successor trustee in the event of death or mental incapacity of either

of the Huffmans. David Huffman died in April 2014, and Lois Huffman, who suffered from

dementia, moved out of the property and into a family member's home.

In 2015, Moore, on behalf of the trust, listed the property for sale. In September 2015,

Moore completed a Washington Form 17 Seller Disclosure Statement Improved Property (Form

17).[1] On Form 17, Moore disclosed multiple issues with the property, including that the outdoor

sprinkler system had not worked for 15 years and that there was a leak in the floor in the lower

bedroom which contractors had attempted to address. On several questions regarding possible

defects, however, Moore responded by checking the "Don't Know" box, especially in the

"structural" section of the form.[2]  Clerk's Papers (CP) at 39.

James Brooks made an offer to purchase the property, which Moore accepted. The

parties completed a Washington Form 21 (REPSA). Moore also provided Brooks with the Form

17 disclosure she had prepared.

Paragraph "n" of the REPSA contained an integration clause that stated, "This

Agreement constitutes the entire understanding between the parties and supersedes all prior or

contemporaneous understandings and representations." CP at 20. The REPSA also contained, in

paragraph "q," a provision that mandated that "if Buyer or Seller institutes suit against the other

---

[1] Form 17 is mandated by statute in RCW 64.06.020.

[2] Moore had no knowledge on certain items because her father had died and her mother's memory was unreliable due to her dementia.

*concerning this Agreement* the prevailing party is entitled to reasonable attorneys' fees and expenses." CP at 20 (emphasis added). Both parties executed the REPSA in October 2015.

Form 17, as provided to Brooks, reads in two places: "This information is for disclosure only and is not intended to be a part of any written agreement between buyer and seller." CP at 37, 42. Both parties signed the disclosure form. The sale closed in January 2016, and Brooks took title to the property. Sometime between January 2016 and August 2017, Nord replaced Moore as successor trustee to the trust.

Brooks later discovered rot, poor repair work, and structural defects in the home. The total cost to repair the defects was more than $50,000. Brooks sued Nord, as successor trustee, alleging that Moore failed to disclose the defects. Brooks listed three causes of action: failure to disclose, intentional misrepresentation, and negligent misrepresentation. Brooks based all three claims on Moore's failure to disclose the defects on Form 17. His complaint specifically stated that the trust had a "common law duty" to disclose the defects. CP at 4. Brooks also requested attorney fees under paragraph "q" of the REPSA in his complaint.

Nord moved for summary judgment and raised the affirmative defense that because Brooks could not prove that the trust had knowledge of any alleged defect, his claims were barred by RCW 64.06.050.[3] The trial court granted Nord's motion for summary judgment. Nord then moved for the trial court to award attorney fees based on paragraph "q" of the REPSA. The trial court denied Nord's motion for fees, reasoning that because Brooks's action was based on

---

[3] RCW 64.06.050 provides that a seller of real property is not liable for any error, inaccuracy, or omission in the disclosure statement unless the seller had actual knowledge of the error, inaccuracy, or omission.

Form 17, and because Form 17 states that it is not part of any written agreement between the buyer and seller, the attorney fee provision in the REPSA did not apply.

Nord appeals the trial court's denial of the request for attorney fees.

ANALYSIS

Nord argues that the trial court erred when it denied Nord's motion for an award of attorney fees under the REPSA. We agree.

A.      *Legal Principles*

In Washington, the general rule is that attorney fees will not be awarded unless authorized by contract, statute, or recognized ground of equity. *See Clausen v. Icicle Seafoods, Inc.*, 174 Wn.2d 70, 79, n.2, 272 P.3d 827 (2012). We review de novo "whether there is a legal basis for awarding attorney fees by statute, under contract, or in equity." *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012).

RCW 64.06.020 provides the text of the Form 17 disclosure form for residential real property sales. That statute mandates: "The seller disclosure statement shall be for disclosure only, and shall not be considered part of any written agreement between the buyer and seller of residential property." RCW 64.06.020(3).

However, in an action in tort, the prevailing party is entitled to attorney fees when the action is based on a contract containing an attorney fee provision. *Brown v. Johnson*, 109 Wn. App. 56, 58, 34 P.3d 1233 (2001). "An action is 'on a contract' if a) the action arose out of the contract; and b) if the contract is central to the dispute." *Brown*, 109 Wn. App. at 58 (quoting *Edmonds v. John L. Scott Real Estate, Inc.*, 87 Wn. App. 834, 855, 942 P.2d 1072 (1997)).

B.      *Attorney Fees Under REPSA*

Nord argues that he is entitled to attorney fees as the prevailing party, based on paragraph "q" of the REPSA, which states that if either party "institutes suit against the other *concerning this Agreement* the prevailing party is entitled to reasonable attorneys' fees and expenses." CP at 20 (emphasis added). Nord argues Brooks's complaint was "on [the] contract" because it asserted tort claims that arose out of the REPSA contract. Br. of Appellant at 11. Brooks argues, to the contrary, that the attorney fee clause in the REPSA does not apply because his complaint was based only on Form 17, which, by the language of both statute and contract, is not part of the REPSA. We agree with Nord and hold that Brooks's tort claims, even though they relate to Form 17, "arise out of" the contract and that the attorney fees clause applies. *Brown*, 109 Wn. App. at 58.

As an initial matter, we agree with Nord that the plain language of the REPSA is broad enough to show the parties agreed to an award of attorney fees here. RCW 64.06.020(3) states that Form 17 shall not be "considered part of" the REPSA, but paragraph "q" of the REPSA awards fees in any dispute "concerning" the agreement. CP at 20, 290-91. "Concerning" is broader than "part of;" a dispute can concern the agreement even if a specific provision of the agreement is not implicated. Such is the case here because the action was "on [the] contract." *Brown*, 109 Wn. App. at 58.

Additionally, Nord cites numerous cases, arguing that the weight of the authority allows attorney fees in a REPSA, when the acts in the complaint are based on Form 17. A review of these cases is instructive.

5

In *Brown*, the buyer purchased a house in which she discovered substantial defects. 109 Wn. App. at 58. The buyer sued the seller for misrepresentation. *Brown*, 109 Wn. App. at 58. The buyer prevailed but was not awarded attorney fees. *Brown*, 109 Wn. App. at 58. The *Brown* REPSA included a provision similar to the one at issue here. 109 Wn. App. at 59. On appeal, Division One of this court reversed the denial of fees, holding that the action in tort was "on a contract" because the action arose out of the contract and the contract was central to the dispute. *Brown*, 109 Wn. App. at 58-59.

The *Brown* court held that the buyer's action for misrepresentation "arose out of" the REPSA contract and awarded the seller fees. 109 Wn. App. at 59-60. The court explained:

> Johnson's contention that Brown's claim arises solely out of the disclosure statement is not accurate. In fact, the action is a common law action for misrepresentation of which Johnson's failure to disclose on the disclosure statement was but one act among several acts and omissions by Johnson culminating in the jury's verdict for Brown.

*Brown*, 109 Wn. App. at 59, n.5.[4]

*Borish v. Russell*, 155 Wn. App. 892, 230 P.3d 646 (2010), aligns with *Brown* in supporting that attorney fees may be awarded to a prevailing party under a REPSA fee provision in a suit for misrepresentation. In *Borish*, home buyers brought negligent misrepresentation tort claims against the seller based on representations made in the disclosure form. 155 Wn. App. at 895-96, 900. The parties had entered into a standard REPSA. *Borish*, 155 Wn. App. at 896. The trial court granted the seller summary judgment, and we affirmed. *Borish*, 155 Wn. App. at

---

[4] Although *Brown*, 109 Wn. App. at 59, n.5, discusses "acts and omissions," of the seller, here, we look to the factual allegations made in Brooks's complaint because Nord's motion to dismiss the complaint was successful.

6

895. We awarded attorney fees to the seller, relying on *Brown* and holding that "tort claims are based on a contract when they arise from the contract and the contract is central to the dispute." *Borish*, 155 Wn. App. at 907. We explained, "[T]he Borishes' lawsuit arises out of the contractual relationship they had with the [seller]. The RESPA provides for reasonable attorney fees and expenses to a prevailing party on suits 'concerning this Agreement.'" *Borish*, 155 Wn. App. at 907.

We have also held that a tort claim may be "on the contract" where Form 17 is explicitly not part of the REPSA. In *Stieneke v. Russi*, 145 Wn. App. 544, 551, 190 P.3d 60 (2008), the buyers discovered their newly purchased home had a leaky roof. The buyers claimed that the seller had made representations that the roof was sound both orally and in Form 17. *Stieneke*, 145 Wn. App. at 551-52. The buyer filed both tort and breach of contract claims. *Stieneke*, 145 Wn. App. at 554. The trial court found the seller liable for misrepresentation and breach of contract. *Stieneke*, 145 Wn. App. at 551. In doing so, the trial court determined that Form 17 was part of the REPSA. *Stieneke*, 145 Wn. App. at 554.

On appeal, we reversed the rulings regarding misrepresentation and breach of contract, but held there was sufficient evidence to remand for a determination on fraud. *Stieneke*, 145 Wn. App. at 551. Although we held that Form 17 was not part of the REPSA, and therefore a breach of contract ruling was improper, we remanded the fraud issue to the trial court with instructions to award fees to the prevailing party. *Stieneke*, 145 Wn. App. at 572. We explained that the fraud claims were "on the contract" and, therefore, subject to fees. *Stieneke*, 145 Wn. App. at 571.

Furthermore, fees may be awarded as "on the contract" even where there is no breach of contract. In *Douglas v. Visser*, 173 Wn. App. 823, 826, 295 P.3d 800 (2013), the home sellers marked "don't know" and left other sections blank on Form 17. The buyers discovered defects and filed a complaint that included claims of fraudulent concealment, negligent misrepresentation, and breach of contract.[5] *Douglas*, 173 Wn. App. at 828. The trial court ruled for the buyers and awarded fees and costs. *Douglas*, 173 Wn. App. at 829. On appeal, Division One reversed. *Douglas*, 173 Wn. App. at 825, 835. Citing *Brown*, the court awarded attorney fees to the sellers, explaining, "[T]he purchase and sale agreement provides an attorney fee provision. When an action in tort is based on a contract containing an attorney fee provision, the prevailing party is entitled to attorney fees." *Douglas*, 173 Wn. App. at 835.

Taking the weight of the authority into account, we hold that Nord is entitled to attorney fees under the REPSA. Here, the trust had a contractual relationship with Brooks. Brooks sued for failure to disclose, intentional misrepresentation, and negligent misrepresentation. Thus, the complaint sounds in tort. And where a tort action is based on a contract containing an attorney fee provision, the prevailing party is entitled to attorney fees. *Brown*, 109 Wn. App. at 58.

The action here was "on the contract." First, the trust made the alleged misrepresentations in a disclosure form, which was executed only to facilitate the sale of the property, which was the subject of the REPSA. Second, the REPSA contract was central to the dispute. If not for the contract to transfer ownership of the property, no dispute would have

---

[5] The breach of contract claim in *Douglas* was based on fraudulent concealment and negligent misrepresentation claims. 173 Wn. App. at 834. The court explained, "When those claims fail, so does the breach of contract claim." *Douglas*, 173 Wn. App. at 834, n.3.

occurred. Like *Brown*, *Borish*, and *Stieneke*, the alleged misrepresentations were based on Form 17. Thus, the mere fact that Form 17 is not a part of the contract does not preclude an attorney fee award. The bulk of authority supports Nord's argument that tort claims based on Form 17 are "on a contract" for the purposes of fees under a purchase and sale agreement.[6]

Despite requesting attorney fees under the REPSA in his complaint, Brooks now argues that Nord is not entitled to attorney fees. Brooks's argument is based on two facts. (1) RCW 64.06.020(3) explicitly excludes Form 17 from being considered part of any written agreement and (2) Form 17 is not part of the written REPSA agreement by the terms of both the REPSA and Form 17. Therefore, Brooks argues, in any action based *solely* on Form 17 representations, the prevailing party is not entitled to fees under a REPSA because no provision of the REPSA would apply. These arguments are not persuasive. As Nord points out, the question is not whether Form 17 is part of REPSA, but whether the claim based on alleged misrepresentations in Form 17 are "on the contract," which is a separate analysis.

The language of RCW 64.06.020, which provides Form 17, clearly states that the form "shall not be considered part of any written agreement between the buyer and seller of residential property." RCW 64.06.020(3). Also, the REPSA includes an integration clause that states the "Agreement constitutes the entire understanding between the parties and supersedes all prior or contemporaneous understandings and representations." CP at 20. These facts support Brooks's

---

[6] This result does not contravene RCW 64.06.020(3). Although the claims in this action arise, in part, on the disclosure form, the complaint sounded in tort. The statute's language that Form 17 "shall not be considered part of any written agreement between the buyer and seller of residential property" does not encompass common law duties or other obligations a seller may have in a real estate transaction. And the statute still operates to prevent Form 17 from forming the basis for a contract claim—such as breach of contract or breach of warranty. RCW 64.06.020(3).

point that Form 17 does not implicate the REPSA. And indeed, for the purposes of a contract dispute, a standard REPSA does exclude the terms of Form 17.

But this is not a contract dispute. Rather, this is a dispute in tort alleged to be a breach of the Estate's common law duties. Because Form 17 is excluded from the REPSA, the only claims that can arise from misrepresentation contained thereon are tort claims. RCW 64.06.020(3) ensures that the provisions of Form 17 are not incorporated into the REPSA as warranties or other contractual provisions.

Brooks also argues that *Stieneke* supports his argument that the integration clause of the REPSA prevented Form 17 from being incorporated in the REPSA. *Stieneke*, 145 Wn. App. at 567. And indeed, *Stieneke* does explain that Form 17 does not become part of the REPSA when not explicitly incorporated. 145 Wn. App. at 567-68. But *Stieneke* does not end there. We remanded the attorney fee issue back to the trial court, explicitly explaining that fees may be appropriate if the plaintiff is able to meet its burden of proof on the issue of fraudulent concealment. *Stieneke*, 145 Wn. App. at 565, 572. *Stieneke* actually supports Nord's argument by holding that even if Form 17 is not part of a REPSA for the purposes of contract, Form 17 may still give rise to a claim on the contract in tort.

Brooks also cites to *Austin v. Ettl*, 171 Wn. App. 82, 286 P.3d 85 (2012), to support his argument. In *Austin*, the parties executed a REPSA and the seller provided Form 17. 171 Wn. App. at 85. The buyer later sued for negligent misrepresentation and unjust enrichment based on representations in Form 17. *Austin*, 171 Wn. App. at 85-86. The trial court granted the seller's motion to dismiss. *Austin*, 171 Wn. App. at 86. On appeal we affirmed, but explicitly denied

fees based on the REPSA, determining that Form 17 was not part of the contract. *Austin*, 171 Wn. App. at 93.

However, the *Austin* court conducted no analysis and dispatched the issue with a conclusory statement in a footnote. *Austin*, 171 Wn. App. at 93, n.11.[7] Although we noted that Form 17 was explicitly not part of the REPSA, explaining "by the statute's express terms, a seller disclosure statement is not . . . part of the real estate contract between the parties," we did not address whether the complaint there was "on the contract." *Austin*, 171 Wn. App. at 87, n.6. The *Austin* court cited no law, and no published case cites to *Austin* for any issue related to Form 17 or attorney fees. Thus, *Austin* appears to be an aberration compared to the long line of cases that flows from *Brown*. To the extent *Austin* holds that a prevailing party is not entitled to attorney fees arising out of misrepresentations in a Form 17, we disregard that case.

Accordingly, we hold that where a party prevails on a tort action which is based on a REPSA containing an attorney fee provision, the prevailing party is entitled to attorney fees, even when the tort arises out of representations on a Form 17 disclosure.

---

[7] The footnote stated:

> The Ettls also request attorney fees pursuant to RCW 4.84.330 which allows parties to receive attorney fees when they are forced to enforce the provisions of a contract that has an attorney fee provision. Although the parties' REPSA has such a provision, the dispute that is the subject of this appeal involves the Form 17 disclosure statement. As we have previously stated above, this disclosure is not part of the parties' REPSA. Accordingly, the Ettls are not entitled to attorney fees stemming from the attorney fee provision of the REPSA.

*Austin*, 171 Wn. App. at 93, n.11.

No. 53687-1-II

C.      *Attorney Fees on Appeal*

Nord requests attorney fees under RAP 18.1.  We grant Nord's request.

RAP 18.1(a) provides that we may award reasonable attorney fees if an applicable law grants the party the right to recover fees.  "A contract provision that authorizes attorney fees below authorizes attorney fees on appeal."  *Nw. Cascade, Inc. v. Unique Constr., Inc.*, 187 Wn. App. 685, 705, 351 P.3d 172 (2015).  Because we hold that Nord prevails on appeal, we grant Nord attorney fees on appeal.

CONCLUSION

Brooks's suit was a tort claim, but the acts in his complaint were based on the REPSA, which contained an attorney fee provision.  Because his claim arose out of that contract and because the REPSA was central to the dispute, Nord is entitled to fees under the REPSA. Accordingly, we reverse and remand to the trial court for further proceedings to determine the amount of attorney fees to be awarded.

_____
Worswick, P.J.

We concur:

_____
Maxa, J.

_____
Glasgow, J.

12